KHOUZAM, Judge,
Specially concurring.
I agree with the majority that Reyna has alleged a legally cognizable claim and is entitled to an evidentiary hearing. As the majority points out, Reyna alleged that he would have taken the State’s plea offer of twenty years had counsel advised him that he would receive credit for time served, which would have lessened his sentence. This allegation of ineffective assistance of counsel was not conclusively refuted by the record and therefore the postconviction court should have granted Reyna an evidentiary hearing.
The dissent incorrectly asserts that the majority opinion adds a new requirement for a lawyer to “predict the actual length of a given defendant’s sentence.” Rather, our decision is consistent with existing law that a lawyer must advise his client of the direct consequences of his plea. See Bolware, 995 So.2d at 272 n. 3; Ginebra, 511 So.2d at 960. This includes informing the client that, if applicable, the client may be entitled to credit for time served, which would impact the actual time to be served for a given sentence. Ultimately, the question to be resolved here is whether counsel was ineffective for not properly advising Reyna and whether Reyna was prejudiced by ineffective assistance. As held in the majority opinion, the record simply does not refute Reyna’s claim.
Finally, the dissent contends that Reyna would not be entitled to any credit for time served on his new charges and, therefore, any advice regarding credit would have been wrong. That contention misses the key concern addressed in this appeal. The record provided to this court simply does not establish that Reyna would not have been entitled to credit for time served upon arrest and incarceration for the violation of probation, regardless of any credit for time served applicable to the new charges. Because the record does not refute Reyna’s claim, I concur with the majority opinion.